UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIDGET COBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:19-CV-02555-AGF |
| | ) |
| SAGAMORE INSURANCE COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This insurance dispute arises out of the death of Plaintiff Brigett Cobbs's son (the "Decedent") following a motor vehicle accident with an unknown driver on or about September 14, 2016. The matter came before the Court upon the parties' Joint Application For Approval Of Confidential Wrongful Death Settlements (ECF No. 22), as supplemented by Plaintiff (ECF No. 24).

The Court held a hearing by teleconference on this motion on April 27, 2020, at which counsel for all parties, as well as Plaintiff; Decedent's natural father, Thomas Richardson, who was not represented by counsel; and several family members appeared by telephone, and at which Plaintiff and Richardson testified under oath. For the reasons stated during the hearing, the Court gave Plaintiff and Richardson each the opportunity to request a continuation of the hearing, so that Plaintiff could confer with her counsel regarding the proposed apportionment of the wrongful death settlement proceeds under Missouri Revised Statute § 537.095, and so that Richardson could consider and, if he so chose, retain counsel regarding the same.

Both Plaintiff and Richardson declined to request a continuation and instead represented to the Court they wished the Court to approve the total settlement of $475,000; to deduct and pay the expenses of recovery and collection of the judgment in the amount of $1,057.31 and the attorneys' fees in the amount of one-third of the total settlement, or $158,333.33, as set forth in Plaintiff's contract with her attorney[1] and as they believed was fair and equitable under the circumstances; and that the remaining amount of $315,609.36 be split equally between Plaintiff and Richardson.

The Court has considered the testimony of the witnesses, the documentary evidence that submitted to the Court, as well as the oral and written statements of counsel. The Court has also evaluated the credibility of the witnesses and determined the weight to be accorded to the testimony and documentary evidence of each.

Upon careful consideration of the record, and particularly based on the evidence presented at the hearing, the Court finds that Plaintiff and Richardson are the only persons having a cause of action under Missouri Revised Statute § 537.080 and are, therefore, the only persons entitled to share in the proceeds of this settlement under Missouri Revised Statute § 537.095; that both Plaintiff and Richardson have received actual notice of the pendency of this suit, this proposed settlement, and the hearing on these motions; and that the total settlement of $475,000 was entered in good faith; is just, fair and reasonable; and is in the best interests of all parties herein.  Therefore, the Court will approve the settlement pursuant to § 537.095.

The Court further concludes that the apportionment of the settlement proceeds and the proposed deduction of attorneys' fees and expenses agreed to by the parties, as set forth above, is fair and equitable and in proportion to the losses suffered by each party, based on the evidence and in keeping with the factors set forth in Missouri Revised Statute §§ 537.080, 537.090, 537.095.

---

[1] Plaintiff agreed, and the record reflects, that Plaintiff's contract with her attorney called for a 40% attorneys' fee, but that her attorney agreed to reduce this amount to 33 1/3%.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Application For Approval Of Confidential Wrongful Death Settlements is **GRANTED in part**, as set forth above.  ECF No. 22.  A separate Judgment shall accompany this Memorandum and Order.

.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of May, 2020.